DAVID SHOCKEY *v.* STATE OF INDIANA.

[No. 2-772A29. Filed December 26, 1972.]

*Joseph T. Murphy,* of Wabash, for appellant.

*Theodore L. Sendak,* Attorney General, *John McArdle,* Deputy Attorney General, for appellee.

WHITE, J.—This is an appeal from a sentence of one to five years imprisonment imposed pursuant to a jury verdict finding defendant "guilty of the crime of Theft of Property Not from the person and of less than one hundred dollars ($100) in value." The only issue stated by appellant is whether there is sufficient evidence to prove that the defendant intended to permanently deprive the owner of the use and benefit of the property taken.

The property consisted of guns owned by one Robert Alger and which were stolen in a burglary of the owner's home in rural Wabash County. They were stolen by Mr. Alger's nephew, Stanton Alger, who delivered them to the defendant. The evidence most favorable to the state was the testimony of the nephew, from which the jury could have found the following:

On the morning of the burglary, but before it took place, nephew Stanton contacted defendant, who then operated a pawn shop, at defendant's home in the City of Wabash and asked him whether he wanted to buy some guns Stanton was going to get. Defendant said that he did so they arranged to meet at the mouth of a bayou to make delivery. Stanton was to drive by defendant's pawn shop and "beep" after he had obtained the guns. As Stanton left defendant's home, defendant said to him:

"Be careful. Don't take any chances. Be careful. Don't get caught."

Stanton then went to his uncle's home, broke in, and stole the guns. He drove past defendant's pawn shop and beeped and then went to the bayou but defendant wasn't there. Later, however, he met defendant on a country road. Stanton turned around and they went down by the river where Stanton took the guns (twenty pistols and eleven rifles) out of his automobile trunk and put them in defendant's.

The guns were delivered to defendant within two hours of the burglary and at the delivery defendant told Stanton it would take a little time to get rid of them because they were unique. About a week after the delivery Stanton contacted defendant at his store. Defendant told him he would have to take the guns back since he couldn't get rid of them. The next week Stanton, defendant, and a friend of defendant went to the attic of the garage behind defendant's house, pulled down the guns, laid them on the floor and discussed which ones defendant and his friend wanted and which they did not. Among the guns defendant wanted was one which he said was worth around $125.00. (Only four of the stolen guns were introduced into evidence as exhibits. The total value placed on those four alone, by the owner, was $550.00.) Stanton testified that the total value of all the goods stolen from his uncle and turned over to defendant was approximately $5,000.00. Nevertheless at the meeting it was agreed that he would receive $75.00 for the lot, plus also some merchandise, which was to be paid to him at defendant's store. But at the store he was paid only $25.00 and given property he valued at $200.00.

After Stanton Alger had been arrested for the theft defendant went to the Sheriff's office on his own initiative and talked to the investigator on the case. When he stated that he had some guns he had received from Stanton he was arrested. At the investigator's request he telephoned his wife who then gave to the investigator the four guns which were put into evidence. The serial numbers had been filed off of two of these guns.

This evidence was sufficient not only to prove intent to permanently deprive the owner of the use and benefit of his property but also to prove all four of the elements of the crime charged as set forth in *Cochran* v. *State* (1970), 255 Ind. 374, 265 N.E.2d 19, 20, 24 Ind. Dec. 78, 79, as follows:

"[T]hat appellant: (1) knowingly obtained control, (2) over certain stolen property, (3) knowing the property to have been stolen by another, (4) with intent to deprive the owner permanently of the use and benefit of this property."

Judgment affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 290 N.E.2d 491.